UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ANNIE MARBURY** | : | **DOCKET NO. 2:22-cv-02692** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED NATIONAL INSURANCE CO.** | : | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is plaintiff's Statement of Fees and Cost filed pursuant to this court's Memorandum Order [doc. 21, p. 3]. Doc. 22. Defendant objects to the amount of fees sought. Doc. 28. A reply [doc. 29] has been filed, making the matter ripe for resolution. For the reasons set forth below, the court finds plaintiff should receive an award of $2,827.50 in reasonable expenses, including attorney's fees.

### I.
### BACKGROUND

The court granted plaintiff's Motion to Compel Deposition Dates for Adjusters and 30(b)(6) Representatives [doc. 17], which ruling was affirmed by the district judge [doc. 32]. In the Memorandum Order granting the Motion to Compel, the court also found it appropriate to award plaintiff with her reasonable expenses incurred in making the motion, as mandated by Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. Doc. 21, p. 3. In compliance with that order, plaintiff filed into the record a Statement of Fees and Cost [doc. 22] supported by an affidavit [doc. 22, att. 1, pp. 1–2] and an itemization of the costs and fees [*id.* at pp. 3–6].

Defendant objects to the amount of fees and costs sought solely on the basis that the itemization reflects $0.00 as the billing amount for each item. Doc. 28.  Plaintiff explains the $0.00 amount occurs because plaintiff's counsel has a contingency fee agreement, and plaintiff is not being billed hourly. Doc. 29.  Plaintiff further states the hourly rates given in the Statement of Fees and Cost reflect the hourly rates counsel charges clients without a contingency fee agreement. *Id.*

## II.
### LAW AND ANALYSIS

If a court grants a Rule 37 motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  As previously stated in the Memorandum Order, the court sees no reason not to grant plaintiff's request for attorney's fees and costs. Doc. 21, p. 3.  The court finds plaintiff's explanation of the itemization reasonable and therefore overrules defendant's objection.

"A party can be held responsible only for the reasonable attorneys' fees and expenses caused by the party's misconduct." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).  There is a strong presumption that an award calculated through the lodestar method is the reasonable fee. *Id.*  To calculate the lodestar, the court needs to know the amount of time worked and hourly rates charged. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).  The court must also determine whether the time worked and hourly rates are reasonable. *Id.*

Plaintiff claims its attorneys Mark Montiel, Shelby Talley, and Landis Silva spent 1.2, 4.6, and 12.8 hours, respectively, on the Motion to Compel and the reply. Doc. 22.  Plaintiff also claims Dottie Durango spent 1.2 hours on the Motion to Compel. *Id.* at p. 2.  After reviewing the

itemization [doc. 22, att. 1, pp. 3–6], the court finds the amount of time spent on the Motion to Compel and reply was not entirely reasonable and warrants adjustment. To this point, and by way of example, several entries in the itemization were vague, while others seemed irrelevant to the Motion to Compel [doc. 17] that is the basis of this expense award.

As the party seeking the expense award, plaintiff bears the burden of proving the reasonableness of the number of hours expended and the hourly rate. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). Parties who submit vague or incomplete fee applications "'take their chances' that the district court will reject or reduce fee awards." *Id.* (quoting *Kellstrom*, 50 F.3d at 326–27). Accordingly, based on the itemized entries that were sufficiently specific and relevant, the court will reduce the number of hours as follows: 1.2 hours for Mark Montiel, 4.0 hours for Shelby Talley, 7.1 hours for Landis Silva, and 0.0 hours for Dottie Durango.

Plaintiff's counsel claims hourly rates of $275 per hour for Mark Montiel, $225 per hour for Shelby Talley and Landis Silva, and $100 per hour for Dottie Durango. Doc. 22, p. 1. These hourly rates are reasonable. *See Billy Navarre Chevrolet Inc. v. Gotham Ins. Co.*, No. 2:22-CV-02749, 2023 WL 6036357, at *2 (W.D. La. July 20, 2023) (finding rates of $375 per hour for a partner and $250 per hour for an associate reasonable); *Bertram v. Progressive Southeastern Ins. Co.*, No. 19-01478, 2021 WL 433976, at *5 (W.D. La. Feb. 8, 2021) (finding $350 per hour to be a reasonable and appropriate rate). Accordingly, the court finds an award of $2,827.50[1] should be awarded to plaintiff as attorney's fees and costs.

---

[1] (1.2 hours at $275 per hour (Mark Montiel)) + (4.0 hours at $225 per hour (Shelby Talley)) + (7.1 hours at $225 per hour (Landis Silva)) + (0.0 hours at $100 per hour (Dottie Durango)) = $2,827.50.

## III.
### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that an award of $2,827.50 in reasonable expenses, including attorney's fees, is awarded against defendant United National Insurance Company pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

**THUS DONE AND SIGNED** in chambers this 21st day of August, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**