UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ANNIE MARBURY** | **CASE NO. 2:22-CV-02692** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED NATIONAL INSURANCE CO** | **MAGISTRATE JUDGE LEBLANC** |

## ORDER

Before the Court is a "Motion for Summary Judgment" (Doc. 30) filed by Defendant, United National Insurance Company ("United"), wherein United seeks a declaration that the insurance policy it issued to Plaintiff Annie Marbury does not provide coverage for the property located at 2201 23rd St., Lake Charles, Louisiana because she was not the owner of the property during the relevant time period, and she made material misrepresentations in her application to insure the house.

## FACTUAL STATEMENT

On August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana allegedly causing damage to the property located at 2201 23rd St., Lake Charles, Louisiana. On November 5, 2020, Annie Marbury applied for insurance as owner of the property, and stated in the application that the occupancy of the property was "RENTAL." United issued the policy of insurance to Mrs. Marbury. Unbeknownst to United, the property, a house, was owned by The Church of Jesus Christ House of Prayer, not Mrs. Marbury. The house

was available for church members and friends, as well as Mr. and Mrs. Marbury and her daughter Mahogany.[1]

Mr. Marbury was the Bishop of the Church, and Mrs. Marbury is the registered agent and president of the Church.[2] When Hurricane Laura struck, Mrs. Marbury's daughter, Mahogany Marbury was living in the house.[3] Mrs. Marbury lives in Leesville, Louisiana. She testified at her deposition that she pays the mortgage and insurance premiums on the house.[4] The word "owner" does not appear in United's application.[5]

United has paid some proceeds to Mrs. Marbury, which she has used to make repairs to the house.[6]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

---

[1] Mr. Marbury was deceased when Hurricane Laura made landfall. Plaintiff's exhibit 1, Deposition of Annie Marbury, p. 9:10-13.
[2] Defendant's exhibit 9.
[3] Plaintiff's exhibit 1, Marbury Depo., p. 27:19-24.
[4] *Id.* pp. 24:1, 25:23-25.
[5] Doc. 30-6.
[6] Plaintiff's exhibit 1, Marbury Depo., p. 26:19.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

United argues that Mrs. Marbury does not have an insurable interest in the property it insured, therefore, she has no insurance coverage. Mrs. Marbury argues otherwise. The house has a mortgage through Merchants and Farmers Bank and Trust, and the record owner and mortgagor of the house is The Church of Jesus Christ House of Prayer (the

"Church").[7] In 2019, the house was insured by Guideone, and the policy of insurance was issued to the Church.[8] The Church made a claim for a loss in 2019, and afterwards, Mrs. Marbury applied for insurance in her name and described in the application that the purpose of the house was for "RENTAL."[9] United issued the subject policy from November 5, 2019 through November 19, 2020.[10]

United complains that Mrs. Marbury did not inform it that she was not the owner, and she misrepresented a material fact as to the purpose of the property—it was not rental property.

After Mrs. Marbury filed a claim for damages regarding her Hurricane Laura claim, United issued three payments totaling $47,889.00.[11] United then discovered that the Church had made a prior claim in 2019 for the house, and Mrs. Marbury was not the title owner or Mortgagor.[12] United also contends that these were material misrepresentations by Mrs. Marbury that should have been disclosed during the Case Management Order but were purposefully not disclosed, such as the fact that she was not the owner of the house, and she had a prior insurance claim in 2019 when Guideone insured the house in the Church's name.

Louisiana Revised Statute 22:614 governs who can collect on an insurance policy; it states that:

> A. No contract of insurance on property or of any interest therein or arising

---

[7] Plaintiff's exhibit B; Defendant's exhibit D.
[8] Plaintiff's exhibit A-1.
[9] Plaintiff's exhibit A-2.
[10] Defendant's exhibit A-2, A-3; .
[11] Plaintiff's exhibit 7, Pp. 116, 119.
[12] Defendant's exhibit B.

therefrom shall be enforceable except for the benefit of persons having an insurable interest in the things insured.

B. "Insurable interest" as used in this Section means any lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage.

"It is well settled that any person has an insurable interest in property, by the existence of which he will gain an advantage, or by the destruction of which he will suffer a loss, regardless of whether he has or has not title in, or lien upon, or possession of the property itself." *Harrison v. Fortlage*, 161 U.S. 57, 16 S.Ct. 488 (1896). However, if loss or damage to the property does not expose the insured to "either direct, immediate or potential financial loss or liability," the insured does not have an insurable interest. *Giddens v. USAA Property and Cas. Ins. Co.*, 644 So.2d 827, 829 (La. App. 1 Cir. 10/7/94).

One can have an insurable interest by investing substantial "time and money" in the home, *Young v. State Farm Fire & Casualty Ins. Co.*, 426 So.2d 636, 640 (La.App. 1 Cir. 1982), or when he has the right to stay in the property, rent-free, for life. *Stokes v. Republic Underwriters Ins. Co.*, 387 So.2d 1261, 1262 (La. Ct. App. 1980). One can have an insurable interest when they have built the home and retained the right of occupancy and right to collect rent. *Knighten v. North British & Mercantile Ins. Co.*, 116 So.2d 516, 519 (La. 1959). One can have an insurable interest in a property when they have contributed financially to the construction and maintenance of the home. *Barham v. USAA Cas. Ins. Co.*, 144 So.3d 1166 (La.App. 2 Cir. 2014).

Plaintiff relies on *Plaisance v. Scottsdale Ins. Co.,* 2008 WL 4372888 (E.D. La. Sept. 22, 2008) to support her position that she has an insurable interest in the home. In

*Plaisance,* the insured Plaintiff, but not owner, was permitted the full use and benefit of a 7,000 square-foot residential building owned by the family business. The property was damaged by Hurricane Katrina. In order to provide Plaintiff with an insurable interest, the family business entered into a lease agreement with Plaintiff that also included an option to purchase. The lease agreement granted Plaintiff the right to purchase the building for $500,000.00, provided him with a reduced rental rate along with the ability to sublet for his benefit portions of the building, which he did not personally occupy. Additionally, he had a lifetime right of control, occupancy, and use of the property as he desired. The Court concluded that the Plaintiff had an insurable interest in the property.

Here, Mrs. Marbury asserts that she has paid the note on the home since its purchase.[13] However, a letter dated March 15, 2019, authored by Annie Marbury, expressly states that "[t]he compensation package for her services[14] as Youth Pastor are as follows; she is allowed to stay in the above mentioned parsonage rent free, ***the church organization pays the mortgage,*** she pays utilities and any extra expense."[15] The letter was written on the Church's letterhead and appears to be its "proof of loss" for the claim the Church made to Guideone for a fire loss. Defendant relies on this letter as proof that the Church paid the mortgage and not Mrs. Marbury. Mrs. Marbury signed the letter as the Founder/Pastor of the Church. As such, the Court finds that Mrs. Marbury does not have an insurable interest. The Church owns the property, the Church is the mortgagor, and the Church pays the

---

[13] Plaintiff's exhibit a, Marbury Depo. p. 21:21-24.
[14] Refers to Mahogany, Mrs. Marbury's daughter.
[15] Defendant's exhibit 1, CM/ECF #994.

Case 2:22-cv-02692-JDC-TPL   Document 67   Filed 09/03/24   Page 7 of 8 PageID #: 1034

mortgage. Mrs. Marbury has presented no summary judgment evidence that she personally has provided funds for maintenance or other financial contribution to benefit the house.

While the Court acknowledges that Mrs. Marbury testified that she paid the mortgage—she may have physically. However, she presented no evidence to corroborate her self-serving testimony, such as a personal bank statement or personal check.

The Court cannot conclude that Mrs. Marbury made material misrepresentations in her application. The application did not inquire as to her ownership, but only asked the "Applicant Name."[16] The application inquired as to "Property Information" and then "Occupancy" to which, Mrs. Marbury responded "RENTAL." This inquiry appears to be vague. As Youth Pastor, Mahogany was living in the house rent free as part of her compensation package. Thus, one could easily infer that she was renting the house, and her consideration for the rent was her work as a Youth Pastor. The Court does note that there is no other information that the house was being rented for income. The parties have presented no evidence of rental income other than Mahogany's compensation package. Because we have determined that Mrs. Marbury does not have an insurable interest in the house, we do not need to reach that conclusion. We do find that Mrs. Marbury is entitled to a return of all premiums paid during the relevant time period.

## **CONCLUSION**

For the reasons explained herein, the Court will grant in part the Motion for Summary Judgment (Doc. 30) filed by Defendant, United National Insurance Company.

---

[16] Defendant's exhibit A-2.

The Motion will be granted to the extent that the Court finds that Mrs. Marbury does not have an insurable interest in the property located at 2201 23rd St., Lake Charles, Louisiana. The Court finds that Mrs. Marbury is entitled to a return of the policy premiums.

**THUS DONE AND SIGNED** in Chambers on this 30th day of August, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**