UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ANNIE MARBURY** : **CASE NO.  2:22-CV-02692**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**UNITED NATIONAL INSURANCE CO** : **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (Doc. 30) filed by Defendant, United National Insurance Company ("United"). In its Motion, United seeks a declaration that the insurance policy it issued to Annie Marbury does not provide coverage for the property at 2201 23rd Street, Lake Charles, Louisiana because National would not have issued the policy to Annie Marbury had it been aware that she was not the owner of the property. The relevant issue before the Court is to determine if Plaintiff had an insurable interest in the subject property.

## BACKGROUND

On November 5, 2020, Annie Marbury applied for insurance as owner of the property and stated in the application that the occupancy of the property was "RENTAL." United issued the policy of insurance to Mrs. Marbury. Unbeknownst to United, the property, a house, was owned by The Church of Jesus Christ House of Prayer (the "Church"), not Mrs. Marbury. In 2019, the property was insured by OneGuide Insurance

Company by the church as owner. After the 2019 loss, the policy was changed to the name of the Plaintiff.

Mr. Marbury, who is deceased, was the Bishop of the Church, and Mrs. Marbury is the registered agent and president of the Church.[1] She testified at her deposition that she pays the mortgage and insurance premiums on the house.[2] The word "owner" does not appear in United's application.[3]

This Court previously ruled on the instant Motion for Summary Judgment finding that because Plaintiff did not have an insurable interest in the subject property, there was no coverage.[4] The Court based its decision on the fact that Plaintiff provided no summary judgment evidence, other than her own self-serving statement that she paid the mortgage and provided the furniture for the property. In other words, there was no evidence to support her statement such as checks, financial records, etc. Thus, the Court concluded that Plaintiff failed to create a genuine issue of material fact for trial as to her alleged insurable interest.

The Fifth Circuit disagreed with the Court's finding, holding that a self-serving affidavit can create a genuine issue of material fact for trial as to an insurable interest.[5] As such, the Fifth Circuit vacated this Court's ruling and remanded with specific instructions that the "district court shall order additional discovery limited to Annie Marbury's

---

[1] Defendant's exhibit 9.
[2] *Id.* pp. 24:1, 25:23-25.
[3] Doc. 30-6.
[4] Docs 67 and 68.
[5] Doc. 71, p. 11.

economic interest in the Property, including payment of the mortgage, along with other forms of financial investment, such as furnishings. After the close of discovery, and with the benefit of supplemental briefing, if necessary, the district court is directed to resolve United's motion for summary judgment by reassessing whether Annie Marbury holds an insurable interest in the Property."[6]

To that end, the Court ordered the parties to conduct additional limited discovery and set briefing deadlines to revisit the issue of Plaintiff's insurable interest. The parties have now completed that discovery and filed their supplemental briefs and summary judgment evidence.

## LAW AND ANALYSIS

To support her claim of an insurable interest in the property, Plaintiff has submitted bank records that reflect checks she alleges were written to pay the mortgage; all of the checks were made out to the Church of Jesus Christ, HOP.[7] She also submits her affidavit that states that she has "paid the mortgage and insurance premiums of the property . . . with her "own personal funds."[8] In her Memorandum, Plaintiff informs the Court that she made monthly payments of $1,050.00 to represent her share of the church's mortgage obligation.[9]

---

[6] *Id.* p. 12.
[7] Plaintiff's exhibits B1, B2 and 3, Docs. 76-2, 76-3, 76-4.
[8] Plaintiff's exhibit A ¶ 2 and 3.
[9] Supplemental brief, p. 8, Doc. 82

The checks that Plaintiff relies upon were written from November 2022 to October 2025.[10] None of the checks are made payable to the lender, Merchants and Farmers Bank and Trust ("Lender"). It appears that Plaintiff is relying on checks written to the Church of Jesus Christ HOP (the "church") to establish her economic interest in the subject property.[11] Of significance to this Court is that these checks are made payable to the church, not to the Lender. The checks which are for $1,050.00 are not for the same amount as the actual mortgage note, and the checks Plaintiff relies upon are dated *after* the time of the loss—August 27, 2020. Many of the checks indicate that they are being written to the church as a tithe.[12] None of the checks indicate that they are to pay the mortgage or the insurance premium. The Cash apps by Plaintiff's daughter "Jasmine" for lawn services are all after August 27, 2020 and do not indicate where the lawn services are being performed.[13]

Defendant has filed a detailed activity report from the Lender for the Property, which indicates that the Debtor is The Church of Jesus Christ, House of Prayer and the purpose of the loan was for a commercial borrower. Defendant also submits the Affidavit of Traci Anderson, the Property Claims Manager. Anderson declares that when Plaintiff applied for insurance, she misrepresented to United National Insurance Company that she was the owner of the property, when in fact, the property is owned by the church. Anderson

---

[10] Plaintiff's exhibit B, Doc. 87.
[11] HOP is an acronym for House of Prayer.
[12] Plaintiff's exhibit A, pp. 5,22 Doc. 87-1, Plaintiff's exhibit B, pp. 13, 15, 17, Doc. 87-2, Plaintiff's exhibit C, pp. 19, 21, 14, Doc. 87-3.
[13] Plaintiff's exhibit D, Doc. 76-5.

declares that Plaintiff applied for the policy on November 5, 2020. The Court will assume this is an error considering that the effective date on the application is November 5, 2019, that expires on November 5, 2020.[14] Additionally, the Court has already ruled that the application itself does not even include the term "owner", much less inquire as to who is the owner of the property.[15]

As to Plaintiff's summary judgment evidence to support an insurable interest, everything she has submitted is post-Hurricane Laura. Plaintiff must establish that she had evidence of an insurable interest at the time she applied for the insurance with United. As noted by the Fifth Circuit:

> Louisiana law is clear that an insured must have an insurable interest in the property in order to recover on an insurance policy." *Haddad v. Elkhateeb*, 2010-2014. [La.App. 7-8 4 Cir. 8/11/10); 46 So.3d 244, 251 (citing *Young v. States Farm Fire & Cas. Ins. Co.*, 426 so.2d 636, 640 (La. App. 1 Cir. 1982)). "The insurable interest must exist not only at the time the policy is written, but also at the time of the loss." *Id.* (citing *Armenia Coffee Corp. v. Am. Nat. Fire Ins. Co.*, 2006-0409, p. 9 (La.App. 4 cir. 11/21/06); 946 So.2d 249, 254).

*Marbury v United National Ins. Co.*, No. 24-30599, 2025 WL 2126664, *4 (5 Cir. 7/29/2025). Plaintiff has not submitted any summary judgment evidence to indicate that she had a substantial economic interest in the safety or preservation of the property when the policy was written or on the date of the loss. The Court cannot assume that the post-loss checks are indicative of pre-loss payments, even if the Court made the assumption that

---

[14] See Doc. 3-6, p. 1.
[15] See Mem. Ruling, pp. 2, 7.

her tithing was to pay the mortgage and insurance premiums. The entirety of the evidence Plaintiff submitted was post-Hurricane Laura, or post-date of loss and does not establish that she was exposed to a direct, immediate or potential loss. Likewise, Plaintiff has not submitted any summary judgment evidence to establish that she provided the furniture for the property.

Plaintiff also argues that if the Court finds that Plaintiff does not have an insurable interest, she possessed an insurable interest as an agent of the church. Plaintiff cites *Bell v. Western Marine & Fire Ins. Co.*, wherein the Louisiana Supreme court held that the rights of agents, consignees, and factors to insure the good of their principals arises from the fact that the interest of a party by whom property is held as security is an insurable one. 5 Rob. (LA) 423, 444 (1843). Plaintiff has not submitted evidence that she has a security interest in the property.

Plaintiff argues that the church relied upon her as an agent to manage, maintain, and safeguard the property including paying the mortgage and arranging upkeep, which she suggests constitutes management of the property for the benefit of the principal, the church. As such, Plaintiff argues that her fiduciary responsibility and control over the insured premises supply the requisite insurable interest, thus satisfying the statutory requirement under Louisiana Revised Statute 22:853(B).

The Court disagrees. Being an agent for a principal, is not a security interest and does not create a security interest in the property. Too establish an insurable interest,

Plaintiff must show that she "is secondarily liable and the loss of or damage thereto, occasioned by the hazard against which it is insured, subjects or exposes [her] to financial, pecuniary or economic loss, hazard, risk or liability." *Walker v. Jim Austin Motor Co.*, 162 So.2d 135, 141 (La. App. 1st Cir. 1964). Here, Plaintiff has ultimately failed to show that she is exposed to financial, pecuniary or economic loss, hazard, risk or liability.

## CONCLUSION

For the reasons explained herein, the Court finds that Plaintiff has no insurable interest in the subject property and will grant Defendant's Motion for Summary Judgment (Doc. 30) and dismiss Plaintiff's claims with prejudice.

**THUS DONE AND SIGNED** in chambers on this 23rd day of December, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**